**SILVERMANACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Jay S. Hellman
Justin S. Krell

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:                                                          Chapter 7

LEBENTHAL HOLDINGS, LLC, *et al.*,                              Case No.: 17-13337 (MG)

                                    Debtors.                    (Jointly Administered)
--------------------------------------------------------------x
KENNETH P. SILVERMAN, the Chapter 7
Trustee of LEBENTHAL HOLDINGS, LLC,
*et al.*,

                                    Plaintiff,                  Adv. Pro. No.: 18-01547 (MG)

            -against-

SOUTH STREET SECURITIES
HOLDING, INC.,

                                    Defendant.
--------------------------------------------------------------x

### TRUSTEE'S OPPOSITION TO DEFENDANT'S MOTION TO ABSTAIN

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the jointly administered estates of Lebenthal Holdings, LLC, *et al.*[1] (the "**Debtors**"), by and through his counsel, SilvermanAcampora LLP, hereby submits this opposition (this "**Opposition**") to South Street Securities Holding, Inc.'s (the "**Defendant**") motion for abstention pursuant to §1334(c) of title 28, United States Code (the "**Code**") to remand this adversary proceeding (this "**Adversary Proceeding**") to the Commercial Division of the Supreme Court of New York State (the "**Defendant's Motion**"), and respectfully represents and sets forth as follows:

---

[1] The Debtors are Lebenthal Holdings, LLC (17-13337 (MG)), Lebenthal Asset Management, LLC (17-13339 (MG)), Lebenthal Family Office, LLC (17-13340 (MG)), and Lebenthal Wealth Advisors, LLC (17-13341 (MG)).

1

## PRELIMINARY STATEMENT

This Opposition is grounded upon, among other things, a proof of claim filed by the Defendant against the Debtors' bankruptcy estate (the "**Claim**") seeking, among other things, the balance allegedly owed to the Defendant arising out an alleged default by one of the Debtors, Lebenthal Holdings, LLC's ("**Lebenthal**"), under a bridge loan the Defendant provided to Lebenthal. The Trustee has, contemporaneously with the filing of this Opposition, filed an objection to the allowance of the Claim on the grounds that the estate has offsetting claims against the Defendant arising from the Defendant's breach of the MIPA (defined below) and the Second Bridge Loan (defined below).

The loan, which forms the basis of the Claim (the "**Second Bridge Loan**"), was one of two (2) loans the Defendant made to Lebenthal in connection with the Defendant's purchase of substantially all of Lebenthal's assets. However, despite Lebenthal's good faith efforts to consummate such sale, the Defendant failed to uphold its obligations and wrongfully terminated the MIPA. In addition, the Defendant breached the provisions of the Second Bridge Loan by causing Lebenthal's collateral account to be frozen on the purported basis of an anticipated default, without any other justification. Consequently, Lebenthal defaulted under the Second Bridge Loan. Thereafter, Lebenthal filed a complaint in the Supreme Court of the State of New York, County of New York, against the Defendant entitled *Lebenthal Holdings, LLC v. South Street Securities Holdings Inc.*, Index No. 655450/2017 (the "**Action**"), asserting, among other things, that the Defendant breached the terms of the MIPA and the Second Bridge Loan. Contrary to the Defendant's Motion, mandatory abstention is inapplicable because the claims asserted in the Adversary Proceeding directly arise from the same transaction that forms the basis of the Claim and, thus, is a core proceeding under Code §157(b)(2)(B). Additionally, this Court should not exercise discretionary abstention because the Trustee has objected to the Defendant's Claim, which is also a core proceeding that is inexorably intertwined with the claims in the Adversary Proceeding.

Finally, the Defendant has submitted itself to this Court's jurisdiction by filing the Claim, which includes relief arising under or related to the Adversary Proceeding.

Therefore, the Defendant's Motion should be denied.

## BACKGROUND

**The Membership Interest Purchase Agreement
and The First and Second Bridge Loans**

1. Upon information and belief, Lebenthal is a holding company that owns (i) 100% of Lebenthal Asset Management, LLC, a registered investment advisor; (ii) 100% of Lebenthal Family Office, LLC ; and (iii) 49% of Lebenthal & Co., LLC (collectively, the "**Assets**").

2. Upon information and belief, in September 2016, Lebenthal entered into discussions with the Defendant regarding a potential transaction whereby the Defendant would acquire substantially all of the Assets.

3. Upon information and belief, on November 21, 2016, Lebenthal and the Defendant executed a "non-binding" Preliminary Term Sheet outlining the proposed transaction. The transaction contemplated that the Defendant would acquire all of Lebenthal's Assets for $7 million in cash and the assumption of $4.3 million in liabilities, for a total consideration of $11.3 million.

4. Upon information and belief, Lebenthal faced a liquidity crunch in the second half of 2016 that caused an anticipated cash shortfall in December 2016. As a result, and when it became clear that the proposed transaction would not close during the fourth quarter of 2016, on December 15, 2016, the Defendant agreed to extend a loan to Lebenthal for the sum of $400,000 (the "**First Bridge Loan**").

5. Upon information and belief, Lebenthal repaid the First Bridge Loan in full.

6. Upon information and belief, during February 2017, Lebenthal and the Defendant continued to negotiate the terms of the proposed purchase transaction.

7. Upon information and belief, on March 6, 2017, Lebenthal and the Defendant entered into the Membership Interests Purchase Agreement ("**MIPA**") (a copy of which is annexed hereto as **Exhibit A**), whereby the Defendant would purchase and accept from Lebenthal substantially all of Lebenthal's Assets.

8. Upon information and belief, on March 10, 2017, the Defendant once again extended a loan to Lebenthal for the sum of $400,000 (the "**Second Bridge Loan**") (a copy of the Second Bridge Loan is annexed hereto as **Exhibit B**) in order to sustain Lebenthal's operations while the parties worked to close the sale.

9. Upon information and belief, on March 28, 2017, the Second Bridge Loan was amended to permit an additional loan of up to $200,000, and to extend the maturity date to September 17, 2017. The increased loan amount was to allow Lebenthal to make an installment payment due under a prior acquisition agreement of a LAM portfolio manager. Lebenthal ultimately drew $550,000 on the Second Bridge Loan.

**State Action Against South Street**

10. Upon information and belief, due to certain events leading up to the closing, the purchase transaction never closed.[2]

11. On August 18, 2017, Lebenthal filed a complaint (the "**Complaint**"), a copy of which is annexed hereto and made a part hereof as **Exhibit C,** in the Supreme Court of the State of New York, County of New York, against the Defendant entitled *Lebenthal Holdings, LLC v. South Street Securities Holdings Inc.*, Index No. 655450/2017 (the "**Action**"), and asserting, among other things, that the Defendant breached the terms of the MIPA and the Second Bridge Loan.

12. In the Action, Lebenthal was seeking $11.3 million in damages arising from, among other things, the Defendant's breach of the MIPA and the Second Bridge Loan.

---

[2] For greater detail on the alleged causes of action against the Defendant, the Court is respectfully referred to the Complaint, annexed hereto and made a part hereof as **Exhibit C**.

HTRUST/2195075.3/010001

13.	On September 14, 2017, the Defendant filed its answer and affirmative defenses.

**The Debtors' Bankruptcy Cases**

14.	On November 28, 2017, the Debtors each filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**") in this Court.

15.	By Notice of Appointment dated November 28, 2017 and November 30, 2017, Kenneth P. Silverman, Esq., was appointed the interim chapter 7 trustee of the Debtors' estates, has since duly qualified, and is the permanent Trustee of the Debtors' estates.

16.	On January 5, 2018, the Bankruptcy Court entered an Order authorizing the joint administration of the Debtors' bankruptcy cases, and assigned Case No. 17-13337 (MG) to the Debtors' cases.

**Removal of the Action**

17.	On February 14, 2018, the Trustee filed a notice of removal (the "**Notice of Removal**") of the Action to the District Court pursuant to Code §1334(b). (*See* Index No. 18-1336 (S.D.N.Y.) (AJN), ECF Doc. No. 2).

18.	On May 11, 2018, the District Court entered an order (the "**Referral Order**"), referring the Action to the Bankruptcy Court for the Southern District of New York and assigned the Action to the Court.

19.	On May 30, 2018, in accordance with the Referral Order, this Court docketed the Action under Adversary Proceeding No. 18-01547 (MG).

**South Street's Proof of Claim**

20.	On March 23, 2018, the Defendant filed proof of claim number 22 (the "**Claim**") in the amount of $131,667.25, which Claim seeks $13,760.00 for the principal amount outstanding under the Second Bridge Loan, $17,793.57 in interest, and $100,113.68 for costs, expenses and indemnification. A copy of the Claim is annexed hereto and made a part hereof as **Exhibit D**.

HTRUST/2195075.3/010001

21. In addition, the Defendant asserted in the Claim that the Debtors are liable to the Defendant

> "for all other claims, obligations, and liabilities of every nature, whether arising prepetition or post-petition, and whether arising under or in connection with the Note or otherwise, including, but not limited to, claims, counterclaims, crossclaims and third party claims arising under or related to that certain lawsuit between the Payee [South Street] and the Maker [Lebenthal] commenced on August 18, 2017 in the Supreme Court of the State of New York, and thereafter removed to the District Court for the Southern District of New York."

### TRUSTEE'S OBJECTION TO THE DEFENDANT'S MOTION

#### Mandatory Abstention is Inapplicable

22. The doctrine of mandatory abstention is set forth in Code §1334(c)(2), as follows:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can timely be adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §1334(c)(2).

23. A party seeking mandatory abstention must prove the following: "(1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not, arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal; (5) an action is commenced in state court; and (6) that action can be 'timely adjudicated' in state court". *Langston Law Firm v. Mississippi*, 410 B.R. 150, 153 (S.D.N.Y. 2008); *see also* 28 U.S.C. § 1334(c)(2). A motion for abstention will be denied when the proponent of the motion fails to prove all six requirements of Section 1334(c)(2).[3] The

---

[3] *See Kirschner v. Bennett*, 2008 U.S. Dist. LEXIS 37214, at *21 (S.D.N.Y. May 6, 2008) (denying Trustee's motion for abstention for failure to prove its claims could be timely adjudicated in New York state court); *see Couri v. Fisher*, 147 B.R. 349 (Bankr. S.D.N.Y. 1992) (denying defendants' motion for abstention because a state court action was not pending at the time the motion for abstention was made and because the action could have been commenced in a court of the United States based on diversity of citizenship of the parties"); *see also Kolinsky v. Russ*, 100 B.R. 695, 703 (Bankr. S.D.N.Y. 1989) (denying defendant purchasers' motion for abstention because the state action was only

HTRUST/2195075.3/010001

Defendant's Motion purports to establish that all six (6) factors required for mandatory abstention have been satisfied; however, the Defendant has failed to demonstrate that the Adversary Proceeding does not 'arise under' the Bankruptcy Code and is only 'related to' the Debtors' bankruptcy case.

24. Mandatory abstention is inapplicable where the issues in dispute arising from a prepetition action filed in state court directly involve a core proceeding in the bankruptcy case. The "key factor for mandatory abstention is that the proceeding must 'relate' to a case under title 11, but not be one 'arising in or arising under a case under title 11.'" *In re Texaco, Inc.*, 109 B.R. 609, 612 (Bankr. S.D.N.Y. 1989). In *In re Texaco, Inc.*, the United States Bankruptcy Court for the Southern District of New York determined that when a debtor objects to a creditor's proof of claim involving undecided issues arising from a prepetition action filed in a state court, the creditor's motion for mandatory abstention must be denied because the debtor's objection to the proof of claim is a core proceeding arising under a case under title 11, and is therefore subject to the bankruptcy court's jurisdiction. *Id.* The Court held that despite the fact that a prepetition action "does not arise under title 11, or in a case under title 11, the issues in dispute were transformed after the commencement of [the debtor's bankruptcy case] into a proceeding arising under the Bankruptcy Code, in the context of a core proceeding, involving the debtor's objections to the [creditor's] claims." *Id.*

25. It is of no consequence that a state action "was originally asserted in a state court action, and did not arise under title 11 or in a case under title 11, and could not have been commenced in a court of the United States absent jurisdiction under the Bankruptcy Code." *Id.* What is deemed to be a 'core matter' is governed by Code §157(b)(2)(B) and includes the "allowance or disallowance of claims against the estate." 28 U.S.C. §157(b)(2)(B). *See In re*

---

related to the bankruptcy case, there was an absence of federal court subject matter jurisdiction over the action other than the existence of bankruptcy jurisdiction to which it was related, the rescission proceeding was based on a state law claim, and there was no dispute that the motion for abstention was made timely).

7

*Residential Capital, LLC*, No. 12-12020 (MG), 2015 Bankr. LEXIS 2581, at *40-41 (Bankr. S.D.N.Y. Aug. 4, 2015) ("The determination whether to allow or disallow [claims] is a statutory core proceeding."); *Buena Vista TV v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 307 B.R. 404, 422 (Bankr. S.D.N.Y. 2004) ("28 U.S.C. §157(b)(2)(B) does not distinguish between pre-petition and post-petition claims, and that it rather broadly provides core jurisdiction for the 'allowance and disallowance of *claims* against the estate.'"). Section 157(b) authorizes a bankruptcy judge to "hear and determine" core proceedings and enter final judgments in such proceedings. *In re Residential Capital, LLC*, 2015 Bankr. LEXIS 2581, at *40. Further, "[r]esolving issues raised by a creditor's proof of claim are quintessentially a part of the claims allowance process." *Id.* at *42. Hence, when a debtor objects to the allowance of a creditor's claim, "an issue [is] created which must be resolved under the exclusive jurisdiction of the district court in a case under title 11, as governed by 28 U.S.C. §1334(d)." *In re Texaco, Inc.*, 109 B.R. at 612.

26.    Moreover, cases within the United States Court of Appeals for the Second Circuit "have upheld bankruptcy jurisdiction in what would otherwise be non-core proceedings where the party opposing the finding of jurisdiction has filed a proof of claim." *Cent. Vt. PSC v. Herbert*, 341 F.3d 186, 191 (2d Cir. 2003). To uphold jurisdiction in bankruptcy courts, the United States Court of Appeals for the Second Circuit "relied on two theories: (1) the proof of claim transforms litigation into a core proceeding; and (2) by filing the proof of claim, the creditor consents to the bankruptcy court's broad equitable jurisdiction." *Id.*

27.    In *S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.)* the United States Court of Appeals for the Second Circuit held that "when a creditor files a proof of claim, the bankruptcy court has core jurisdiction to determine that claim, even if it was a prepetition contract claim arising under state law." *S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.)*, 45 F.3d 702, 705 (2d Cir. 1995) (citing *Gulf States Expl. Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*,

8

896 F.2d 1384, 1389-90 (2d Cir. 1990)[4]. "[A] determinative factor as to the bankruptcy court's jurisdiction…is that the [creditor] filed a proof of claim resulting in an adversary proceeding that involved the 'allowance or disallowance of claims against the estate.'" *Id.* at 705 (internal citations omitted). The Second Circuit found that "[t]he sole fact that the [debtor's] state law claim was filed before [the debtor's] petition [was filed] has no bearing on whether the claim is characterized as core or non-core when a proof of claim has been filed." *Id.*

28. The Second Circuit went on to state that "[b]ecause 'nothing is more directly at the core of bankruptcy administration…than the quantification of all liabilities of the debtor,' the bankruptcy court's determination of whether to allow or disallow a claim is a core function." *Id.* It is well settled that "the basic principle that the filing of a proof of claim 'invokes the special rules of bankruptcy concerning objections to the claim'" and it can only be *"[u]nderstood in this sense, a claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy."*[5] *Id.* at 706 (*citing In re Manville*, 896 F.2d at 1390) (emphasis added). It should be noted that "[o]f course, the state-law right underlying the claim could be enforced in a state court proceeding absent the bankruptcy, but the nature of the state proceeding would be different from the nature of the proceeding following the filing of a proof of claim." *In re Manville*, 896 F.2d at 1390 (internal citations omitted).

29. In *In re Manville*, the adversary proceeding involved a pre-petition breach of contract claim and the creditor filed a proof of claim in the debtor's bankruptcy case. *See In re Manville*, 896 F.2d at 1389. The United States Court of Appeals for the Second Circuit distinctly noted that the creditor was "not a third party related only peripherally to the adjudication of [the debtor's] bankruptcy case." *Id.* at 1390. By filing a proof of claim, the creditor became a party in

---

[4] In *S.G. Phillips Constructors, Inc. v. City of Burlington*, the appellant-debtor in bankruptcy contested the judgment of the United States District Court for the District of Vermont, which held that the bankruptcy court lacked jurisdiction when it disallowed the appellee's claim against the debtor's estate. *See S.G. Phillips Constructors, Inc.*, 45 F.3d 702.

[5] "[T]he Second Circuit and courts in this district have consistently held adversary proceedings against a creditor that have traditionally been non-core to be core pursuant to §§157(b)(2)(B) and (c) due to the filing of a proof of claim…." *Buena Vista TV*, 307 B.R.at 419 (internal citations omitted).

HTRUST/2195075.3/010001

interest. *Id.* Moreover, any "[a]djustment of claims against an estate has been and remains central to bankruptcy proceedings," thus mandatory abstention did not apply to a core proceeding involving a Trustee's objection to a creditor's claim. *Id.* (*citing In re Lion Capital Group*, 46 Bankr. 850, 860 (Bankr. S.D.N.Y. 1985)).

30.    As the sole and exclusive representative of the Debtors' estate, the Trustee acquires all of the Debtors' prepetition property interests, including all legal interests of the Debtors, as part of the Debtors' bankruptcy estate. *See* 11 U.S.C. §541; 11 U.S.C. §323(a). Hence, the Trustee's objection to the Defendant's Claim, which is entangled with the claims asserted in the Adversary Proceeding, has 'transformed' the issues in dispute into a core proceeding arising under title 11 and is subject to the exclusive jurisdiction of this Court.

31.    The Claim was filed in direct connection with the Second Bridge Loan and pledge (the "**Pledge**") dated March 10, 2017 and an amendment to the Second Bridge Loan ("**Amendment No. 1 to Promissory Note**") dated March 28, 2017, in which the Defendant was designated as the 'Payee', Lebenthal was the 'Maker', and non-debtor Lebenthal & Co., LLC was the 'Pledgor'.

32.    The main premise upon which the Claim rests is the Debtors' default under the Second Bridge Loan, which is offset by the Defendant's alleged liability in the Adversary Proceeding. The Claim asserts that the Defendant is entitled to the principal amount outstanding and interest owed to it under the Second Bridge Loan, in addition to costs, expenses, and indemnification due to Lebenthal's alleged default under the Second Bridge Loan.

33.    However, contemporaneously with the filing of this Opposition, the Trustee has filed an objection seeking to disallow the Claim (the "**Claim Objection**") on the grounds that the estate has offsetting claims against the Defendant as set forth in the Adversary Proceeding and, therefore, is not liable to the Defendant for the amounts asserted in the Claim.

10

34. Consequently, the Trustee's objection to the allowance of the Claim on the grounds that the estate has offsetting claims against the Defendant resulting from the Defendant's breach of its obligations under the MIPA and its conduct causing Lebenthal to default on the Second Bridge Loan, undoubtedly arises under the same operative transaction that forms the basis for the causes of action asserted in the Adversary Proceeding.

35. Clearly, the issues involving the Trustee's objection to the Claim and the Adversary Proceeding are not merely 'related to' the Debtors' bankruptcy case, but instead 'arise under title 11' of the Bankruptcy Code. The Claim Objection has essentially 'transformed' the Adversary Proceeding into a core proceeding that could only arise in the context of a bankruptcy case and this Court has the exclusive jurisdiction to determine the allowance or disallowance of the Claim. Thus, since the issues in dispute are so grossly intertwined with each other, mandatory abstention is inapplicable.

36. As a result of the foregoing, this Court should deny the Defendant's Motion.

**Discretionary Abstention is Unwarranted**

37. Not only is mandatory abstention inapplicable to the Adversary Proceeding, but, discretionary abstention is also inappropriate.

38. "When a district court abstains from hearing cases involving 'core' proceedings, the abstention decision can only be made pursuant to §1334(c)(1), which leaves abstention to the district judge's discretion." *S.G. Phillips Constructors, Inc.*, 45 F.3d at 708.

39. Discretionary abstention is authorized under 28 U.S.C. §1334(c)(1) as follows:

> [...] nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. §1334(c)(1).

40. "Courts must be sparing in their exercise of permissive abstention, and may abstain only for a few extraordinary and narrow exceptions." *In re Residential Capital, LLC*,

11

2015 Bankr. LEXIS 2581, at *43 (citing *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602, 607 (S.D.N.Y. 2008) (internal citations and quotation marks omitted); *accord In re Residential Capital, LLC*, 519 B.R. 890, 903 (Bankr. S.D.N.Y. 2014) ("A federal court must be 'sparing in its exercise of permissive abstention 'because [it] posses[es] a virtual unflagging obligation…to exercise the jurisdiction given [to it].'" (quoting *Kirschner v. Grant Thorton LLP (In re Refco, Inc. Sec. Litig.)*, 628 F. Supp. 2d 432 (S.D.N.Y. 2008))). Courts in this district commonly consider the following twelve factors when determining whether to abstain from hearing a proceeding:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in [] state court or other nonbankruptcy court, (5) the jurisdiction basis, if any, other than 28 U.S.C. §1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Residential Capital, LLC*, 2015 Bankr. LEXIS 2581, at *43-45 (internal citations omitted). It should be noted that, "[n]ot all of these factors need be applied, however, although the balance should be heavily weighted in favor of the exercise of jurisdiction." *Id.* (citing *In re Portrait Corp. of Am., Inc.*, 406 B.R. 637, 642 (Bankr. S.D.N.Y. 2009) (internal citations and quotation marks omitted).

41.   The doctrine of discretionary abstention should be narrowly construed "when adjudicating controversies entrusted to the jurisdiction of the federal court." *In re Texaco, Inc.*, 109 B.R. at 613 (citing *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 104 S. Ct. 2321, 81 L. Ed. 2d 186 (1984); *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 103 S. Ct.

HTRUST/2195075.3/010001

927, 74 L. Ed. 2d 765 (1983); *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)). A bankruptcy court's "primary concern should be whether the federal bankruptcy objectives are properly served if the Bankruptcy Court conceded the constitutional jurisdiction to a state court." *In re Texaco, Inc.*, 109 B.R. at 613.

42. In *In re Texaco, Inc.*, the United States Bankruptcy Court for the Southern District of New York held that discretionary abstention was "inappropriate in a proceeding involving the objection to a creditor's claim." *Id.* Further, the Court went on to state that "all claims against a debtor in a bankruptcy case should be resolved in conjunction with the bankruptcy case and reduced to a dollar amount, absent a compelling reason why the Bankruptcy Court should relinquish its mandate to a prepetition state court action." *Id.*

43. The Defendant's Motion purports to assert that permissive abstention is warranted, yet the Defendant failed to take into consideration that the Trustee would certainly object to the Claim, thereby creating a core proceeding directly related to the bankruptcy case and the causes of action asserted in the Adversary Proceeding. Moreover, discretionary abstention is not applicable because abstention would impair the ongoing claims reconciliation process as a consequence of delay and increased administrative costs. The Claim Objection and the Adversary Proceeding arise under the same operative sale transaction and the alleged breach of the MIPA and Second Bridge Loan and, thus, should be heard by one court of competent jurisdiction, which the Trustee believes is this Court.

44. In addition, the Defendant's Motion lacks any compelling reasons why this Court should remand the Adversary Proceeding back to state court, other than the Defendant's obvious preference to litigate this action in state court. The Defendant also fails to cite any reason why this Court cannot determine the state law issues involved in the Adversary Proceeding, since the issues do not raise any novel or complex state law issues, and this Court regularly adjudicates such issues in the context of claims objections.

HTRUST/2195075.3/010001

45. Furthermore, comity would dictate that this Court exercise jurisdiction over the Adversary Proceeding since it is directly connected and intertwined with the resolution of the Claim Objection and facts surrounding both matters.

46. As a result of the foregoing, this Court should deny the Defendant's Motion for permissive abstention.

**Defendant Subjected Itself to the Bankruptcy Court's Jurisdiction
By Filing its Proof of Claim in the Debtors' Bankruptcy Case**

47. As the Supreme Court stated in *Katchen v. Landy*, "he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure." *Katchen v. Landy*, 382 U.S. 323, 333 n.9, 86 S. Ct. 467, 15 L. Ed. 2d 391(1966). *See, e.g., S.G. Phillips Constructors, Inc.*, 45 F.3d 707 ("The Supreme Court and this court have consistently held that in filing a proof of claim the petitioner submits to the bankruptcy court's equitable jurisdiction"); *Langenkmp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 112 L. Ed. 2d 343 (1990) (*per curiam*) ("by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power"; *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989) ("by submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims...."); *In re Manville*, 896 F.2d at 1389 ("by filing a proof of claim, [the party] submitted itself to the equitable power of the bankruptcy court to disallow its claim"); *Pan Am. World Airways, Inc. v. Evergreen Int'l Airlines*, 132 B.R. 4, 7 (S.D.N.Y. 1991) ("When a creditor files a proof of claim it submits itself to the bankruptcy court's equitable power, and the claims, even though arising under state law, become core proceedings within the jurisdiction of the bankruptcy court").

48. Not only does the Claim seek the balance of the Second Bridge Loan, among other things, but the Claim also asserts that the Debtors are liable to the Defendant

14

"for all other claims, obligations, and liabilities of every nature, whether arising prepetition or post-petition, and whether arising under or in connection with the Note or otherwise, including, but not limited to, claims, counterclaims, crossclaims and third party claims arising under or related to that certain lawsuit between the Payee [South Street] and the Maker [Lebenthal] commenced on August 18, 2017 in the Supreme Court of the State of New York, and thereafter removed to the District Court for the Southern District of New York."

49. Accordingly, the Defendant has not only submitted itself to the equitable jurisdiction of this Court by filing the Claim, but the Defendant has also consented to the jurisdiction of this Court to adjudicate the claims arising under the Adversary Proceeding by including in the relief sought in the Claim "claims arising under or related to that certain lawsuit between the Payee [South Street] and the Maker [Lebenthal] commenced on August 18, 2017 in the Supreme Court of the State of New York, and thereafter removed to the District Court for the Southern District of New York", which claims now form the basis for the causes of action asserted in the Adversary Proceeding.

50. Therefore, any resolution of the Claim Objection and the Adversary Proceeding is subject to the equitable jurisdiction of this Court.

[Remainder of Page Intentionally Left Blank]

HTRUST/2195075.3/010001

## CONCLUSION

51. This Court should deny Defendant's Motion for the following reasons: (i) mandatory abstention is inapplicable because the Trustee's objection to Defendant's proof of claim constitutes a core proceeding in the context of the Bankruptcy Code, which is directly connected to the outcome of the Adversary Proceeding; (ii) it is inappropriate to exercise discretionary abstention in a core proceeding involving the Trustee's objection to the Defendant's claim that is inexorably intertwined with the Adversary Proceeding; and (iii) the Defendant has subjected itself to the equitable jurisdiction of this Court by filing a proof of claim in the Debtors' bankruptcy case.

Dated: Jericho, New York
July 10, 2018

SILVERMANACAMPORA LLP
Counsel to Kenneth P. Silverman,
The Chapter 7 Trustee

By:    s/ Jay S. Hellman
Jay S. Hellman
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753