**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEBENTHAL HOLDINGS, LLC, *et al.*,<br><br>         Debtor. | NOT FOR PUBLICATION<br><br>Case No. 17-13337 (MG)<br><br>Chapter 7<br><br>Jointly Administered |
| LEBENTHAL HOLDINGS, LLC,<br><br>         Plaintiff,<br>    v.<br><br>SOUTH STREET SECURITIES HOLDINGS INC.,<br><br>         Defendant. | Adv. Pro. No. 18-01547 (MG) |

**MEMORANDUM OPINION AND ORDER DENYING
<u>DEFENDANT'S MOTION TO ABSTAIN</u>**

*A P P E A R A N C E S:*

SILVERMAN ACAMPORA LLP
*Attorneys for Plaintiff Lebenthal Holdings, LLC*
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753
By: Jay S. Hellman, Esq.

MILBANK, TWEED, HADLEY & MCCLOY LLP
*Attorneys for Defendant South Street Securities Holdings Inc.*
1 Chase Manhattan Plaza
New York, NY 10005
By: Daniel Perry, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is defendant South Street Securities Holdings Inc.'s ("South Street," or the "Defendant") Motion to Abstain (the "Motion," ECF Doc. # 3-1). The Motion asks the Court to abstain from hearing this adversary proceeding (the "Adversary Proceeding," or the "Action") pursuant to 28 U.S.C. §§ 1334(c)(1) and (2). The Trustee filed an opposition (the "Opposition," ECF Doc. # 7), and South Street filed a reply (the "Reply," ECF Doc. # 9).

Before this chapter 7 bankruptcy case was filed, Lebenthal Holdings, LLC ("Lebenthal"), one of the joint debtors (collectively, the "Debtors"), filed a state court action captioned *Lebenthal Holdings, LLC v. South Street Securities Holdings, Inc.*, Index No. 655450/2017 (Sherwood, J.), in the Supreme Court of the State of New York, New York County, Commercial Division (the "New York Court"). After Kenneth Silverman was appointed as chapter 7 trustee (the "Trustee"), he removed the Action to the District Court pursuant to 28 U.S.C. § 1334(b), and the Action was then referred to this Court.

The Action arises from South Street's decision to terminate a March 2017 agreement to purchase substantially all of the assets of Lebenthal and its affiliates (as further described below). South Street contends that the agreement gave it the right, in its sole discretion, to walk away from the transaction if Lebenthal's unaudited financial statements were not satisfactory to South Street. The Trustee argues that the agreement provided that South Street could only terminate the agreement within a specified timeframe after receiving Lebenthal's financial statements, and that South Street's purported termination came too late. South Street contends that the termination was timely.

The Motion argues that the Action should be remanded to the New York Court based on either mandatory or permissive abstention under 28 U.S.C. §§ 1334(c)(1) and (2). Both

2

arguments fail because South Street filed its Proof of Claim # 22 (the "Claim") alleging Lebenthal's breach of the same agreement that forms the basis for Lebenthal's state court action against South Street. The filing of South Street's Claim triggered the claims allowance process, a core bankruptcy court function in this bankruptcy case. The Trustee filed an objection to the Claim (the "Objection," Case No. 17-13337, ECF Doc. # 43). Indeed, at the hearing on the Motion on July 16, 2018 (the "Hearing"), South Street's counsel conceded that the pendency of the Claim and Objection precludes application of mandatory abstention under 28 U.S.C. § 1334(c)(2). But, counsel argued, permissive abstention under 28 U.S.C. § 1334(c)(1) should nevertheless be applied.[1]

The Court concludes that permissive abstention is not appropriate and should be denied. Both the Claim and the Objection to the Claim, on the one hand, and the Action, on the other hand, raise the same New York law issues, arising from common facts, that are not particularly complex. Bankruptcy courts—and this Court in particular—regularly address such issues in the claims allowance process, and the Court thus sees no appropriate reason to remand this Action to the New York Court.

## I.        BACKGROUND

### A.    Factual Background

On March 6, 2017, Lebenthal and South Street entered into a Membership Interests Purchase Agreement ("MIPA") whereby South Street agreed to acquire assets of Lebenthal and its affiliates, subject to certain closing conditions. (Mot. at 4.) One condition required Lebenthal to deliver to South Street in advance of closing Lebenthal's 2016 financial statements and other

---

[1] South Street's Reply stated that if the pendency of the Claim precludes application of mandatory abstention, South Street would agree to withdraw its Claim. (Reply at 4.) But Federal Rule of Bankruptcy Procedure 3006 only permits South Street to withdraw its Claim by motion, after notice and hearing, and no such motion was filed.

3

financial documentation as set forth in the MIPA. (*Id.*) According to South Street, under the terms of the MIPA, if that documentation was not satisfactory to South Street in its sole discretion, South Street could terminate the parties' agreement by timely written notice to Lebenthal within thirty days after delivery of the financials. (*Id.*) On May 25, 2017, South Street provided a written termination notice after determining that the financial statements of the entities subject to the MIPA were unsatisfactory. (*Id.*) The Trustee argues that the notice was untimely and, therefore, ineffective; South Street argues that the notice was timely.

On August 18, 2017, Lebenthal commenced the Action by filing a complaint (the "Complaint," ECF Doc. # 1) against South Street in the New York Court, alleging that South Street breached the MIPA, as well as a related contract governing the bridge loan South Street made to Lebenthal around the time of the MIPA. (*Id.*) The loan (the "Second Bridge Loan") was one of two loans South Street made to Lebenthal in connection with South Street's purchase of substantially all of Lebenthal's assets. (Opp. at 2.) Lebenthal seeks $11.3 million in expectation damages, in addition to an unspecified amount of other damages and litigation costs.

Lebenthal's state court Complaint alleged, *inter alia*, that South Street: (1) failed to close on its acquisition of the assets as required under the MIPA; (2) improperly terminated the MIPA; (3) breached the covenant of good faith and fair dealing by interfering with Lebenthal's business operations and asserting control in the absence of contractual authority; and (4) breached its obligations under the Second Bridge Loan agreement by temporarily freezing certain Lebenthal assets contained in the collateral account securing the bridge loan. (Mot. at 4–5.)

On September 14, 2017, South Street answered the Complaint, denying all material allegations. (*Id.* at 5; *see also* Index No. 655450/2017, Dkt. No. 8.) The Action was thereafter assigned to Justice Peter Sherwood in the Commercial Division. (Mot. at 5; *see also* Index No.

4

655450/2017, Dkt. No. 9.) No significant activity occurred in the Action before Lebenthal filed its bankruptcy case on November 28, 2017. The Trustee was subsequently appointed interim and then permanent chapter 7 trustee of the Debtors' estates.

On February 14, 2018, the Trustee filed a notice of removal of the state court Action to the District Court pursuant to 28 U.S.C. § 1334(b). (Mot. at 5.) On May 4, 2018, the Trustee requested that the District Court refer the Action to this Court under the *Standing Order of Reference Re: Title 11, M-431*, dated January 31, 2012. (*Id.* at 4.) On consent of the parties, the District Court referred the Action to this Court. (*Id.* at 6.) South Street informed the District Court that it did not object to referral, but intended to make an abstention motion. (*Id.* at 6, n.4.)

On March 23, 2018, South Street filed a Claim in the bankruptcy case in the amount of $131,667.25, which includes $13,760.00 for the principal amount outstanding under the Second Bridge Loan, $17,793.57 in interest, and $100,113.68 for costs, expenses and indemnification.

### B. South Street's Motion

South Street's abstention motion requests that this Court abstain from hearing the Action and remand it to the New York Court. South Street argued that all of the elements of mandatory abstention under 28 U.S.C. § 1334(c)(2) are met—namely, that (i) the motion has been timely filed; (ii) the Action is based exclusively on New York breach of contract claims; (iii) the Action is "related to" a title 11 case pending before this Court; (iv) section 1334 provides the sole basis for federal jurisdiction; (v) the Action was commenced in the New York Court; and (vi) the Action can be "timely adjudicated" in the New York Court. (*Id* at 6.)

The Motion also argued that if the Court does not abstain under section 1334(c)(2), the equitable principles of 28 U.S.C. § 1334(c)(1) support the exercise of this Court's discretion to return this case to State Court. (*Id.* at 1.)

5

C.      **The Trustee's Opposition**

In addition to filing the Opposition to the abstention motion, the Trustee also filed the Objection to South Street's Claim (Case No. 17-13337, ECF Doc. # 43).  The Objection contends that the estate has offsetting claims against South Street from its breach of the MIPA and the Second Bridge Loan.  (*Id.*)

The Opposition argues that mandatory abstention under 28 U.S.C. § 1334(c)(2) is inapplicable because the claims asserted in this Adversary Proceeding directly arise from the same transactions that form the basis of the Claim.  Therefore, the Trustee argues that this Action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) & (C), which pertain respectively to the allowance of claims against the estate and to counterclaims by the estate against persons filing claims against the estate.

The Trustee argues that mandatory abstention is inapplicable when the issues in a prepetition state court action directly involve a core proceeding in the bankruptcy case.  (*Id.*) What is deemed to be a 'core matter' is governed by section 157(b)(2)(B) and includes the "allowance or disallowance of claims against the estate." (*Id.* at 7.)  The Trustee alleges that the main premise of the Claim rests on Lebenthal's alleged default under the Second Bridge Loan, which, the Trustee argues, is offset by South Street's alleged liability in the Adversary Proceeding.  (*Id.* at 10)  The Trustee's Claim Objection seeks to disallow the Claim because the estate has offsetting claims against South Street (asserted in the Adversary Proceeding), resulting from South Street's breach of its obligations under the MIPA and South Street's conduct that caused Lebenthal to default on the Second Bridge Loan.  Therefore, the Trustee argues, the estate is not liable to South Street for the amounts asserted in the Claim.  (*Id.*)  Because the issues

6

involved in the Claim Objection are entangled with the issues raised in the Adversary Proceeding, the Trustee argues that the Claim Objection transforms the entire dispute into a core proceeding, making mandatory abstention inapplicable. (*Id.* at 10–11.) As stated above, South Street's counsel conceded during argument at the Hearing that, although argued otherwise in the Motion, mandatory abstention does not apply for the reasons argued by the Trustee.

The Trustee further contends that permissive abstention under 28 U.S.C. § 1334(c)(1) should not apply because abstention would impair the ongoing claims reconciliation process as a consequence of delay and increased administrative costs. (*Id.* at 13.) The Trustee explains that the Claim Objection and the Adversary Proceeding arise from the same operative sale transaction, and the alleged breach of the MIPA and Second Bridge Loan. Thus, the Trustee argues, both matters should be resolved by the bankruptcy court. (*Id.*) Adjudication of the Action in the New York Court, and of the Claim and Objection in this Court, raises the risk of inconsistent results. Finally, the Trustee notes that the Motion lacks any compelling reasons why this Court should remand the Action back to state court, other than the South Street's obvious preference to litigate the Action in state court. (*Id.*)

### D.    South Street's Reply

While now conceding that mandatory abstention does not apply, South Street argues that the Court should still exercise its discretion to abstain from hearing this Adversary Proceeding under 28 U.S.C. § 1334(c)(1). South Street argues that the Action involves pure New York state law issues of the proper interpretation of the MIPA and related agreements, and a state court is better positioned to decide these issues than a federal bankruptcy court. (*Id.* at 3.)

7

## II. LEGAL STANDARD

Since South Street conceded during argument that mandatory abstention does not apply, the Court will not discuss mandatory abstention further. Even when mandatory abstention does not apply, it may be appropriate for the Court to exercise its discretion to apply permissive abstention under 28 U.S.C. § 1334(c)(1), which provides

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(2); *see also In re New York City Off-Track Betting Corp.*, 434 B.R. 131, 149 (Bankr. S.D.N.Y. 2010) (noting that "abstention doctrines embody 'federal respect for State law and policy'") (quoting *In re Pan Am. Corp.*, 950 F.2d 839, 846 (2d Cir. 1991)).

Courts in this district commonly consider the following twelve factors when determining whether permissive abstention should be applied:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in [ ]state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

8

*In re Residential Capital, LLC*, No. 12-12020 (MG), 2015 WL 4747785, at *14 (Bankr. S.D.N.Y. Aug. 4, 2015) (citing *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003)).

"Not all of these factors need be applied, however, although the balance should be heavily weighted in favor of the exercise of jurisdiction." *Id.* (quoting *In re Portrait Corp. of Am., Inc.*, 406 B.R. 637, 642 (Bankr.S.D.N.Y.2009)) (internal citations and quotation marks omitted). The doctrine of discretionary abstention should be narrowly construed "when adjudicating controversies entrusted to the jurisdiction of the federal court." *State of Texas v. Texaco (In re Texaco, Inc.)*, 109 B.R. 609, 613 (S.D.N.Y. 1989) (internal citations omitted).

### III.    ANALYSIS

Permissive abstention in not warranted in this case under 28 U.S.C. § 1334(c)(1). "Courts must be sparing in their exercise of permissive abstention, and may abstain only for a few extraordinary and narrow exceptions." *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602, 607 (S.D.N.Y. 2008) (internal citations and quotation marks omitted); *accord In re Residential Capital, LLC*, 519 B.R. 890, 903 (Bankr. S.D.N.Y. 2014) ("A federal court must be 'sparing' in its exercise of permissive abstention 'because [it] possess[es] a virtual unflagging obligation . . . to exercise the jurisdiction given [to it].'" (quoting *Kirschner v. Grant Thorton LLP (In re Refco, Inc. Sec. Litig.)*, 628 F. Supp. 2d 432, 446 (S.D.N.Y. 2008))).

The standard for abstention is heightened where the proceeding involves the allowance or disallowance of a claim. In *Texaco*, for example, the court held that permissive abstention was inappropriate in a proceeding involving the objection to a creditor's claim." *Texaco*, 109 B.R. at 613. The court explained:

> Indeed, all claims against a debtor in a bankruptcy case should be
> resolved in conjunction with the bankruptcy case and reduced to a

9

>dollar amount, absent a compelling reason why the Bankruptcy Court should relinquish its mandate to a prepetition state court action. The mere fact that the State of Texas would prefer to litigate its claims in a Texas state court is not a compelling reason for authorizing discretionary abstention.

*Id.*

Applying the twelve factors commonly considered when determining whether to abstain under 28 U.S.C. § 1334(c)(1), *see In re Residential Capital*, 2015 WL 4747785, at *14, the Court concludes that permissive abstention is unwarranted here. Efficient administration of the estate favors this Court resolving the issues. While state law issues predominate, the contract law issues are not difficult or unsettled, and are the type of issues that this Court regularly adjudicates. *Id.* at *15 ("This Court regularly adjudicates state law issues in resolving claims objections and [the moving party] has not identified any compelling reason why this Court is not able to do so in resolving the Objection to its Claims"). The issues raised by the Claim Objection and the Adversary Proceeding are closely related and can and should be resolved in the same court. The Trustee's claims against South Street may well be one of the estate's largest potential assets, so that any recovery by the Trustee would certainly affect the underlying administration of the Debtors' case. There are no non-debtor parties involved in the disputes. This Court is able to resolve all of the issues expeditiously if the parties do not resolve the disputes through settlement.

## IV.   CONCLUSION

For the reasons explained above, mandatory abstention under 28 U.S.C. § 1334(c)(2) does not apply, and the Court concludes, in the exercise of its discretion, that it should not abstain under 28 U.S.C. § 1334(c)(1) in favor of the New York Court. Accordingly, South Street's Motion to Abstain is **DENIED**.

**IT IS SO ORDERED.**

Dated:   July 27, 2018
         New York, New York

             *Martin Glenn*
             MARTIN GLENN
         United States Bankruptcy Judge